IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDWARD SERMENT,<br>Individually and on behalf of all others<br>similarly situated<br><br>*Plaintiff*,<br><br>v.<br><br>CELANESE CORPORATION<br><br>*Defendant* | § § § § § § § § § § § | <br><br><br><br>Civil Action No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Edward Serment brings this action individually and on behalf of all current and former employees (hereinafter "Plaintiff and the Putative Class Members") who worked for Defendant Celanese Corporation (hereinafter "Celanese"), and were not paid for all hours worked, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

## I.
## OVERVIEW

1.1     This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2     Plaintiff and the Putative Class Members are current and former employees who worked for Celanese at any time within the last three years and were not paid for all hours worked.

1.3     Specifically, Plaintiff and the Putative Class Members were not paid for the time spent during the "pass down" or "hand off" between the day and night shifts—that is, the twenty to thirty minutes per shift that each employee was required to brief and prep the incoming shift worker.

1.4      Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek.

1.5     Plaintiff and the Putative Class Members were not paid overtime for all hours worked in excess of forty (40) hours per workweek.

1.6     The decision by Celanese not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

1.7     Celanese knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime for all hours worked in excess of forty (40) hours per workweek.

1.8     Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.[1] Specifically, Plaintiff and the Putative Class Members performed technical and routine manual labor-type job duties.

1.9     Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.10    Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

2.1     Plaintiff Edward Serment ("Serment") worked for Celanese within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Serment did not properly receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

[2] The written consent of Edward Serment is attached hereto as Exhibit "A."

2.2     The Putative Class Members are those current and former employees who work (or worked) for Celanese and have been subjected to the same illegal pay system under which Plaintiff Serment worked and was paid.

2.3     Celanese Corporation ("Celanese") is a foreign for-profit corporation doing business in the State of Texas and may be served through its registered agent for service, Corporate Creations Network Inc., 2425 W Loop South #200, Houston, Texas 77027.

## III.
## JURISDICTION & VENUE

3.1     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

3.2     This Court has personal jurisdiction over Celanese because the cause of action arose within this District as a result Celanese's conduct within this District.

3.3     Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred. Specifically, Plaintiff Serment worked for Celanese at its Bishop, Texas facility, which is located within this District and Division.

3.4     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## FLSA COVERAGE

4.1     At all times hereinafter mentioned, Celanese has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2     At all times hereinafter mentioned, Celanese has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3     At all times hereinafter mentioned, Celanese has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the

FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4     During the respective periods of Plaintiff and the Putative Class Members' employment by Celanese, these individuals provided services for Celanese that involved interstate commerce.

4.5     In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6     Specifically, Plaintiff and the Putative Class Members are (or were) non-exempt employees of Celanese who were engaged in the production of specialty materials and chemical products for Celanese and its clients in the United States and around the world. 29 U.S.C. § 203(j).

4.7     At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4.8     The proposed class of similarly situated employees, i.e. potential class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all current and former employees of Celanese Corporation, who worked at any time in the last three years and who were not paid overtime compensation for all hours worked in excess of forty hours per workweek."

4.9     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Celanese.

# V.
# FACTS

5.1     Celanese Corporation is a global technology leader in the production of specialty materials and chemical products which are used in most major industries and consumer applications.[3]

5.2     Plaintiff Serment worked for Celanese in its Bishop, Texas location as a Production Operator from approximately October 1991 until January 2017.

5.3     Plaintiff and the Putative Class Members were (and continue to be) paid an hourly wage plus overtime for most hours worked in excess of forty each workweek, but they were not paid for all hours worked each week.

5.4     Specifically, Plaintiff and the Putative Class Members worked on either the day or the night shift, each of which were scheduled to be twelve hours long.

5.5     Regardless of which shift Plaintiff and the Putative Class Members worked, they were required to wait at their designated work station until the employee working the next shift arrived and then prep and brief that employee as to that day's work – this is often referred to as the "pass down" or the "hand off" in industrial plant settings such as Celanese.

5.6     Plaintiff and the Putative Class Members often spent twenty to thirty minutes each shift completing the "pass down" or "hand off" between shifts but were not paid for this time in direct violation of the FLSA.

5.7     Indeed, the unpaid time described above is compensable work under the FLSA.

---

[3] https://www.celanese.com/en.

5.8 Upon information and belief, there is no agreement or agreed practice in place for Plaintiff and the Putative Class Members to not be compensated for time spent during the "pass down" or "hand off" between shifts.

5.9 The uncompensated pre and post-shift and "off-the-clock" work performed by Plaintiff and the Putative Class Members accounted for many hours of unpaid work per week by Plaintiff and the Putative Class Members.

5.10 Celanese also failed to make and keep records of all of the hours worked by Plaintiff and the Putative Class Members in direct violation of the FLSA.

5.11 Because Celanese did not pay its workers time and a half for all hours worked in excess of forty (40) in a workweek, their pay policies and practices violated (and continue to violate) the FLSA.

5.12 Celanese's denial of overtime compensation payable to Plaintiff and the Putative Class Members was and (continues to be) willful and deliberate.

5.13 Celanese has also knowingly and intentionally failed to provide Plaintiff and the Putative Class Members with itemized statements of total hours worked with each payment of wages.

5.14 Moreover, Celanese has intentionally failed to maintain required records of hours worked by Plaintiff and the Putative Class Members.

## VI.
## CAUSES OF ACTION

**A. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

6.1 Celanese violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours

without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2     Moreover, Celanese knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

6.3     Celanese knew or should have known their pay practices were in violation of the FLSA.

6.4     Celanese is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

6.5     Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted Celanese to pay according to the law.

6.6     The decision and practice by Celanese to not pay overtime was neither reasonable nor in good faith.

6.7     Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**B.     COLLECTIVE ACTION ALLEGATIONS**

6.8     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff.

6.9     Other similarly situated employees have been victimized by Celanese's patterns, practices, and policies, which are in willful violation of the FLSA.

6.10    The Putative Class Members are "all current and former employees of Celanese Corporation, who worked at any time in the last three years and who were not paid overtime compensation for all hours worked in excess of forty hours per workweek."

6.11	Celanese's failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Putative Class Members.

6.12	Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

6.13	The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

6.14	All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.15	Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the Putative Class Members are blue-collar shift workers entitled to be paid for all hours worked and overtime compensation at the rates required by the FLSA.

6.16	Celanese employed a substantial number of employees during the past three years. Upon information and belief, these workers are geographically dispersed, residing and working in several locations across the United States where Celanese has ongoing operations.

6.17	Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and Celanese will retain the proceeds of its rampant violations of the FLSA.

6.18	Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

6.19    Accordingly, the class of similarly situated plaintiffs is defined as:

**ALL CURRENT AND FORMER EMPLOYEES OF CELANESE CORPORATION, WHO WORKED AT ANY TIME IN THE LAST THREE YEARS AND WHO WERE NOT PAID OVERTIME FOR ALL HOURS WORKED IN EXCESS OF FORTY HOURS PER WORKWEEK**

## VII.
## RELIEF SOUGHT

7.1    Plaintiff respectfully prays for judgment against Celanese as follows:

a.    For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Celanese to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.    For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c.    For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

d.    For an Order pursuant to Section 16(b) of the FLSA finding Celanese liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

e.    For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

f.    For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

g.    For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

h. For an Order awarding Plaintiff a service award as permitted by law;

i. For an Order compelling the accounting of the books and records of Celanese; and

j. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**ANDERSON2X, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**ATTORNEYS IN CHARGE FOR PLAINTIFF AND THE PUTATIVE CLASS MEMBERS**