**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **EDWARD SERMENT,** | § | |
| **Individually and on behalf of all others** | § | |
| **similarly situated,** | § | **Civil Action No. 2:17-CV-00017** |
| | § | |
| **Plaintiff,** | § | **COLLECTIVE ACTION** |
| | § | |
| **vs.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |
| **CELANESE COMPANY,** | § | |
| | § | |
| **Defendant.** | | |

## STIPULATION AND SETTLEMENT AGREEMENT

This Stipulation and Settlement Agreement (the "Stipulation")[1] is entered into, stipulated to, and agreed to by and between the Settling Parties, as set forth below:

## I.    THE CONDITIONAL NATURE OF THIS STIPULATION

This Stipulation is made for the sole purpose of settling the above-captioned action on a collective basis.   This Stipulation is made in compromise of disputed claims.   Because this Litigation was pled as a collective action, this Stipulation must receive approval by the Court to become effective. Accordingly, the Settling Parties enter into this Stipulation on a conditional basis. In the event the Court does not enter an Approval Order, or in the event full and final Judgement is not entered for any reason, this Stipulation (except for those provisions relating to non-admissibility and no admission of liability as set forth below) shall be deemed null and void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or utilized by any Settling Party for any purpose whatsoever.   Further, the negotiation, terms, and entry of this

---

[1]  All capitalized terms herein have the meanings in the definition section of this Stipulation at VI.1.

Stipulation shall remain subject to the provisions of Federal Rule of Evidence 408, and any other analogous rules of evidence that are applicable.

## II.    THE PURPOSE OF THIS STIPULATION

This Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Litigation and the Released Claims upon and subject to the terms and conditions hereof.

## III.    THE LITIGATION

On January 16, 2017, Class Representative commenced a proposed collective action against Defendant in the United States District Court for the Southern District of Texas, Corpus Christi Division under the Fair Labor Standards Act ("FLSA") seeking alleged unpaid overtime on behalf a nationwide class of current and former Celanese employees on the grounds that the individuals were required to work off the clock without pay.

On July 7, 2017, the Settling Parties participated in an all-day mediation with Eric Galton, a well-known and experienced wage and hour mediator. Although the mediation was not successful, the Settling Parties continued their negotiations thereafter and resolved the claims which are the subject of this Stipulation.

## IV.    DEFENDANT RELEASEES' DENIAL OF WRONGDOING OR LIABILITY

Defendant Releasees specifically and generally deny all of the claims asserted in the Litigation, deny any and all liability or wrongdoing of any kind whatsoever associated with any of the facts or claims alleged in the Litigation, and make no concession or admission of wrongdoing or liability of any kind whatsoever. Defendant maintains that all current and former employees were and always have been compensated for all hours worked, that no overtime of any kind is owed to them, and that, for any purpose other than settlement, the Litigation is not suitable or

appropriate for class or collective action treatment pursuant to 29 U.S.C. § 216(b). This Stipulation is only a compromise of disputed claims.

Nonetheless, Defendant has concluded that the further defense of the Litigation would be protracted and expensive and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. In reaching this conclusion, Defendant has also taken into account the uncertainty and risks inherent in any litigation. Defendant has, therefore, determined that it is desirable and beneficial for it to settle the Litigation in the manner and upon the terms and conditions set forth in this Stipulation.

## V. CLAIMS OF THE CLASS REPRESENTATIVE AND BENEFITS OF SETTLEMENT

The Class Representative and Class Counsel believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports their claims. However, the Class Representative and Class Counsel recognize and acknowledge the expense and length of time associated with the need to prosecute the Litigation through trial and through appeals. The Class Representative and Class Counsel have also taken into account the uncertain outcome and the risk associated with any litigation, as well as the difficulties and delays inherent in any litigation. Based upon their evaluation, the Class Representative and Class Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of the Class Representative and the Participating Class Claimants.

## VI. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND AGREED by and between the Class Representative (on behalf of himself and the Participating Class Claimants) and Defendant Releasees, with the assistance of their respective counsel of record, that, as among the Settling Parties, including all Participating Class Claimants, the Litigation and the Released Claims

shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed, with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of this Stipulation and the Judgment.

1. **Definitions.**

As used in all parts of this Stipulation, the following terms have the meanings specified below:

1.1. "Approval Date" means the date that the Court enters the Approval Order approving this Stipulation and approving the sending of Settlement Notice.

1.2. "Approval Order" or "Final Approval" shall mean an Order to be entered and filed by the Court granting approval of this Stipulation pursuant to the Motion for Approval and entering Judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure, a proposed Order of which shall be submitted to the Court for review and approval.

1.3. "Bishop IB Unit Operators" means all individuals who were employed by Defendant in the Bishop, Texas Ibuprofen Unit as operators but who were not designated as work group leaders.

1.4. "Claim and Consent to Join Settlement Form" means Form 1-A to the Notice Regarding Pendency of Collective Action (attached hereto as Exhibit 1) as approved by both the Settling Parties and the Court, which a Potential Opt-In must submit in order to become an eligible Participating Class Claimant and recover a Settlement Payment, except for the Class Representative and the Existing Opt-Ins, who shall be deemed Participating Class Claimants under this Stipulation.

1.5.    "Class Counsel" means, collectively, the law firm of Anderson2X, PLLC and its attorneys, which warrants and represents that no other law firms or attorneys are serving in any capacity as "Class Counsel."

1.6.    "Class Period" means the period running from three years prior to the date each Participating Claimant opted in to the Litigation through the Approval Date.

1.7.    "Class Representative" or "Plaintiff" means Edward Serment.

1.8.    "Court" means the United States District Court for the Southern District of Texas, Corpus Christi Division.

1.9.    "Database of Potential Opt-Ins" means the electronic file to be provided by Defendant to Class Counsel containing a list of each Potential Opt-In, including each person's name, last known address, employee identification number, and number of Weeks Worked during the applicable Class Period.

1.10.    "Defendant Releasees" means Celanese Company, and its current, former, and future affiliates, including, without limitation, parents, subsidiaries, and related entities, predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, employee benefit plan administrators and fiduciaries, principals, agents, insurers, co-insurers, re-insurers, managers, shareholders, attorneys, and personal or legal representatives, in their individual and corporate capacities.

1.11.    "Defendant" means Celanese Company.

1.12.    "Effective Date" means the date on which the Court grants the Motion for Approval and enters the Judgment.

1.13.    "Enhancement Award" means an amount approved by the Court to be paid to the Class Representative in addition to his Settlement Payment as a Participating Class Claimant,

in recognition of his efforts in coming forward as the Class Representative, and/or otherwise benefiting the Class. Defendant Releasees will not oppose an Enhancement Award of up to $7,931.95 of the Maximum Settlement Amount.

1.14. "Existing Opt-Ins" means the all individuals other than the Class Representative who have filed timely and valid consent forms with the Court in the Litigation as of July 7, 2017 (using a three (3) year FLSA statute of limitations from the date that their consent form was filed with the Court to determine if their dates of employment as an employee of Defendant makes their consent form timely). For the purposes of this Stipulation, the Existing Opt-ins shall be deemed "Participating Claimants." A comprehensive list of Existing Opt-Ins is attached as exhibit 2.

1.15. "Judgment" means the judgment to be rendered by the Court pursuant to this Stipulation.

1.16. "Last Known Address(es)" means the most recently recorded mailing address for a Potential Opt-In as such information is contained in Defendant's database(s) containing personnel and/or payroll information.

1.17. The "Litigation" means the action captioned *Serment v. Celanese Company*, No. 2:17-cv-00017, currently pending before the United States District Court for the Southern District of Texas, Corpus Christi Division.

1.18. "Maximum Settlement Amount" shall mean the total maximum amount that Defendant shall pay under the terms of this Stipulation, which is the gross sum of up to Ninety-Seven Thousand Five Hundred U.S. Dollars ($97,500.00), and includes, without limitation, all gross Settlement Payments to the Participating Claimants, the Enhancement Award, and Class Counsel's attorneys' fees and costs. As set forth herein, Defendant will issue all of the above-

referenced payments in accordance with the applicable provisions of this Stipulation. Under no circumstances, including Court order, shall Defendant be required to pay or contribute any monies in excess of the Maximum Settlement Amount, except that Defendant is responsible for paying the employer's share of the payroll taxes as discussed in paragraph 2.3.2.

1.19. "Motion for Approval" means the agreed motion to be filed by the Class Representative through Class Counsel asking the Court to: (1) approve this Stipulation as a fair and reasonable compromise of the Litigation; (2) authorize notice to issue to the Potential Opt-Ins; (3) authorize the issuance of payments according to the timetable set forth herein; and (4) enter Judgment dismissing the Litigation with prejudice.

1.20. "Net Settlement Amount" means the Maximum Settlement Amount less the Enhancement Award and Class Counsel's attorneys' fees and costs.

1.21. "Notice Regarding Pendency of Collective Action" means "Settlement Notice" as defined herein.

1.22. The "Notice Mailing Date" shall be the date on which Class Counsel initially mails the Settlement Documents to the Potential Opt-Ins, which will occur within fifteen (15) business days after the receipt of the Database of Potential Opt-Ins from Defendant.

1.23. The "Notice Response Deadline" shall be the date thirty (30) calendar days after the Notice Mailing Date.

1.24. "Participating Claimant(s)" means (1) the Class Representative, (2) all Existing Opt-Ins, and (3) all Potential Opt-Ins who submit a valid and timely Claim and Consent to Join Settlement Form in response to the Settlement Notice. As set forth herein, all Participating Claimants will be bound by the Released Claims portion of the Judgment if the Effective Date occurs.

1.25.   "Potential Opt-In" means all Bishop IB Unit Operators during the three-year time period prior to the Approval Date who have not opted into the Litigation as of July 7, 2017.

1.26.   "Released Claims" means any and all federal, state, or local claims, obligations, demands, actions, rights, causes of action, and liabilities against Defendant Releasees, of whatever kind and nature, character, and description, whether known or unknown, and whether anticipated or unanticipated, including claims that a Participating Claimant does not know of or suspect to exist in his/her favor, based on his/her employment with Defendant, that accrued during the period ending on the date of the Approval Order, for any type of relief, including, without limitation, claims for wages, penalties, liquidated damages, willfulness findings, interest, attorneys' fees, litigation costs, or equitable relief, based on any and all claims arising under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, *et seq.* or under any other federal state, or local laws, regulations, ordinances, or rules concerning wages, overtime, or wage payment.

1.27.   "Settlement" means the terms and conditions set forth in the "Stipulation" as defined herein.

1.28.   "Settlement Documents" mean the Settlement Notice (attached hereto as Exhibit 1), the Claim and Consent to Join Settlement Form (attached hereto as Form 1-A) and the Change of Name or Address Information (attached hereto as Form 1-B).

1.29.   "Settlement Notice" means a notice entitled "Notice to Potential Opt-Ins Regarding Pendency of Collective Action Settlement" to be submitted to the Court for review and approval, substantially in the form attached hereto as Exhibit 1.

1.30. "Settling Parties" or the "Parties" means Defendant and the Class Representative on behalf of himself and the Participating Claimants.

1.31. "Settlement Payment(s)" means the portion of the Net Settlement Amount allocated and distributable to each Participating Claimant based on the methodology provided to Defendant by Class Counsel on or about August 25, 2017. Only individuals who become Participating Claimants are eligible to receive a Settlement Payment under this Stipulation.

1.32. "Stipulation" means this Stipulation and Settlement Agreement together with all of its attachments and exhibits, which the Settling Parties understand and agree sets forth all material terms and conditions of the Settlement between them, and which is subject to Court approval. It is understood and agreed that Defendant's obligations for payment under this Stipulation are conditioned on, *inter alia*, the occurrence of the Effective Date.

1.33. "Updated Address" means an updated mailing address provided by the United States Postal Service, or a Participating Claimant, or any other source.

## 2. <u>The Settlement</u>

2.1. *Certification of a Collective Action for Settlement Purposes Only*

2.1.1. The Settling Parties stipulate, for settlement purposes only, to the certification by the Court of a class consisting of (1) the Class Representative; (2) Existing Opt-Ins; and (3) all Potential Opt-Ins who submit a valid and timely Claim and Consent to Join Settlement Form in response to the Settlement Notice.

2.1.2. If, for any reason, the Court does not approve this Stipulation, fails to enter the Approval Order, or fails to enter the Judgment, or if this Stipulation is lawfully terminated for any other reason, the Settling Parties' stipulation to the certification of any class for settlement purposes shall be deemed null and void *ab initio*, and Defendant shall retain the absolute right to dispute the propriety of class certification on all applicable grounds.

2.2.    *Consideration to Participating Claimants.*

2.2.1.   Each Participating Claimant's Settlement Payment will be based on the methodology provided to Defendant by Class Counsel on or about August 25, 2017 and as reflected in the calculations set for in the confidential Anticipated Settlement Payment Schedule provided by Defendant to Class Counsel on or about September 7, 2017.

2.2.2.   The Settlement Payment to each Participating Claimant (a) shall be subject to required tax withholdings and deductions by Defendant, and so the net amounts payable will be less than the gross amounts; and (b) shall be reported in the year of payment as wage income to the Participating Claimant on a Form W-2 issued by Defendant and such other state or local tax reporting forms as may be required by law. Defendant will be responsible for paying the employer's share of any applicable payroll taxes, and the Settling Parties expressly agree that such employer payroll taxes are not a part of the Maximum Settlement Amount.

2.2.3.   Defendant shall issue the Settlement Payments to eligible Participating Claimants, and will report each payment to state and federal government authorities, including the Internal Revenue Service, as required by law.

2.2.4.   Other than as set forth above, Defendant will not withhold from the payments to each Participating Claimant any deductions, withholdings, or additional payments, including, without limitation, medical or other insurance payments or premiums, employee 401(k) contributions or matching employer contributions, wage garnishments, or charity withholdings, and entry of the Approval Order by the Court shall be deemed authority not to make such deductions, withholdings, or additional payments. Any amount paid to Participating Claimants shall not create any credit or otherwise affect the calculation of any deferred compensation, benefit, pension, or other compensation or benefit plan provided by Defendant, and no payment made

pursuant to this Stipulation will be considered as "Compensation" under any pension, savings, retiree or other plan if applicable, or otherwise require any contribution or award under any such plan, or otherwise modify benefits, contributions, or coverage under any other employee benefit plan or program.

2.2.5.    Other than the withholding and reporting requirements set forth above, Participating Claimants shall be solely responsible for the reporting and payment of the employee's share of any federal, state, and/or local income tax or other tax or any other withholdings, if any, on any of the payments made pursuant to this Stipulation. Defendant Releasees make no representation, and it is understood and agreed that Defendant Releasees have made no representation as to the taxability to any Participating Claimants of any portion of the Settlement Payments, the payment of any attorneys' fees to Class Counsel, or the payment of the Enhancement Award.    The Settlement Notice will advise each Participating Claimant to seek his/her own personal tax advice prior to acting in response to the Settlement Notice, and Defendant, the Class Representative, and Class Counsel agree that each Participating Claimant will have an adequate opportunity to seek tax advice prior to acting in response to the Settlement Notice.

2.3.    *Court Approval of Settlement and Settlement Notice; Entry of Judgment.*

2.3.1.    On or before October 23, 2017, the Class Representative, by and through his Class Counsel, shall file the Motion for Approval.    To the extent the Class Representative is required to file this Stipulation, the Anticipated Settlement Payment Scheduled, or the Actual Settlement Payment Schedule at any point, he shall do so only if required to secure approval and then only under seal.    Class Counsel will prepare and file the Motion for Approval with the Court, which shall be provided to Defendant's counsel for review and comment prior to filing.    Through the motion for approval, the Class Representative will request the Court to enter the Approval

Order (1) approving this Stipulation as a fair and reasonable compromise of the Litigation; (2) authorizing notice to issue to the Potential Opt-Ins; (3) authorizing the issuance of payments according to the timetable set forth herein; and (4) entering Judgement dismissing the Litigation with prejudice. In fulfilling this term, Class Counsel shall not, without the express consent of Defendant provided through Defendant's counsel, disclose—in any document necessary to secure the Approval Order or any publicly available document—the Maximum Settlement Amount, the Net Settlement Amount, the Enhancement Award, or the amount of any Settlement Payment to any Participating Claimant, either individually or collectively. The Settling Parties shall make all reasonable efforts to secure entry of the Approval Order and the associated entry of Judgment.

2.3.2.   If any deadlines related to this Stipulation cannot be met, Class Counsel and counsel for Defendant shall confer to reach agreement on any necessary revisions of the deadlines and timetables set forth in this Stipulation. In the event the Settling Parties fail to reach such agreement, any of the Settling Parties may apply to the Court via a noticed motion for modification of the dates and deadlines in this Stipulation, provided that such a request to the Court may seek only reasonable modifications of the dates and deadlines contained in this Stipulation and no other changes.

2.3.3.   If the Court rejects this Stipulation, fails to enter the Approval Order, or fails to enter the Judgment, this Stipulation shall be void *ab initio*, and Defendant shall have no obligation to make any payments under this Stipulation.

2.4.   *Notice to Potential Opt-Ins; Responses to the Settlement Notice.*

2.4.1.   Within ten (10) business days after the Court issues the Approval Order and enters Judgment, Defendant shall provide to Class Counsel the Database of Potential Opt-Ins. The Database of Potential Opt-Ins shall be based on Defendant's payroll, personnel, and/or other

business records. Class Counsel shall maintain the Database, and all data contained within the Database, as private and confidential and shall not disclose such data to any persons or entities other than counsel for Defendant. The Database is being supplied solely for purposes of the administration of the Settlement set forth in this Stipulation and hence cannot be used by Class Counsel for any other purpose. The Settling Parties agree that the information in the Database will not be used to solicit Participating Claimants or Potential Opt-Ins to file any claim, charge or complaint of any kind whatsoever against Defendant Releasees or for any purpose other than to administer the Settlement under the terms provided herein. Upon receipt of the Database, Class Counsel may, in its discretion and at its own expense, check with the U.S. Postal Service National Change of Address Database and update any addresses with any new information found regarding the location of Participating Claimants or Potential Opt-Ins.

2.4.2. Within fifteen (15) business days of receipt of the Database of Potential Opt-Ins from Defendant, Class Counsel will send via first class mail and e-mail, if known, the Court-approved Settlement Notice and related Settlement Documents to each Potential Opt-In (the Notice Mailing Date). Unless the Settling Parties agree otherwise in writing or the Court so orders, each of the Notices shall be mailed to the Last Known Addresses of the Potential Opt-Ins no later than the Notice Mailing Date.

2.4.3. To become Participating Claimants, Potential Opt-Ins must fully and timely complete, execute, and return, per the instructions therein, the form entitled Claim and Consent to Join Settlement Form (attached to the Settlement Notice as Form 1-A) within thirty (30) calendar days from the date of mailing of the Settlement Notice.

2.4.3.1. If a mailing is returned to Class Counsel prior to the close of the Notice Response Deadline, Class Counsel may, in its discretion, attempt a second mailing to

any forwarding addressed provided by the United States Postal Service or any other personal residential address for the Potential Opt-In within ten (10) days. This subsequent mailing will not extend the Notice Response Deadline.

2.4.3.2. If a valid and properly executed Claim and Consent to Join Settlement Form is not received by Class Counsel from a Potential Opt-In on or before the Notice Response Deadline, then that Potential Opt-In will have no right to be a Participating Claimant and will have no right to receive payment under this Stipulation, provided that Defendant reserves the right in their sole discretion to accept and resolve late or disputed claims.

2.4.3.3. Only Participating Claimants will be subject to the Released Claims provision. Existing Opt-Ins and the Class Representative shall be deemed Participating Claimants upon execution of this Stipulation. Class Counsel represents that he is authorized to execute the Stipulation on behalf of the Existing Opt-Ins. Existing Opt-Ins and the Class Representative are bound by the Judgment and are subject to the Released Claims upon the occurrence of the Effective Date. Consistent with applicable law, the statute of limitations for an FLSA claim shall continue to run until a person affirmatively opts into, or files, an FLSA suit.

2.4.4. Potential Opt-Ins who wish to change the name or address listed on the envelope in which the Settlement Notice was first mailed to them (e.g., for future reference and mailings from the Court or Defendant, if any) must fully complete, execute, and mail, per the instructions therein, the form entitled "Change of Name or Address Information" (attached hereto as Form 1-B). The address provided shall be deemed the "Updated Address" for any such Potential Opt-In.

2.5. *Timing of Payment to Participating Claimants.*

2.5.1. Within fifteen (15) calendar days of the Notice Response Deadline, Class Counsel shall provide to counsel for Defendant a comprehensive list of all Participating Claimants.

2.5.2.   Within thirty (30) calendar days of receiving the list of Participating Claimants, Defendant shall mail to each Participating Class Claimant at his/her Last Known Address, or Updated Address if obtained, his/her individual Settlement Payment in the amount stated on the Anticipated Settlement Payment Schedule as divided between taxable and non-taxable payments per Section 2.2.2.

2.5.3.   Checks issued to Participating Claimants pursuant to this Stipulation shall remain negotiable for a period of one hundred and twenty (120) calendar days from the date of mailing.   In the event that any settlement checks are returned to Defendant as non-deliverable, Defendant will forward the returned settlement check(s) to Class Counsel.   Class Counsel may then attempt to obtain updated contact information and re-mail the settlement check to the Participating Claimant's updated address.   Return and/or re-mailing of any settlement check shall not extend the 120-day period of negotiability.   Participating Claimants who fail to negotiate or deposit their check(s) in a timely fashion shall remain subject to the terms of this Stipulation and Judgment.

2.5.4.   Following the mailing of the Settlement Payments to Participating Class Claimants, Defendant shall provide Class Counsel with a written confirmation of this mailing. Upon receipt of this confirmation, Class Counsel will file a notice or acknowledgement of satisfaction of the Judgment with the Court on behalf of the Participating Class Claimants.

2.6.   *Releases.*

2.6.1.   Upon the Effective Date, each of the Participating Class Claimants, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, dismissed, with prejudice, relinquished, and discharged all Released Claims.

2.6.2.   The above releases shall only take effect upon the Effective Date.

2.7.   *Reversion*

2.7.1.   In the event that a Potential Opt-In does not become a Participating Claimant, then all amounts reflected on the Anticipated Settlement Payment Schedule as payable to such Potential Opt-In shall reduce both the Maximum Settlement Amount and Net Settlement Amount by the gross amount due to such Potential Opt-In.

2.7.2.   Any amounts not claimed by negotiating and depositing a Settlement Payment within 120 days after issuance shall immediately reduce both the Maximum Settlement Amount and Net Settlement Amount by the gross amount due on the un-negotiated or un-deposited Settlement Payment.

2.8.   *Payment of Attorneys' Fees and Costs and the Enhancement Award.*

2.8.1.   As part of the Motion for Approval, and subject to Court approval, Class Counsel shall apply to the Court for an award of reasonable attorneys' fees and costs, which includes Class Counsel's mailing costs associated with Settlement Notice, not to exceed forty percent (40%) of the Maximum Settlement Amount (no more than Forty-Five Thousand U.S. Dollars ($45,000.00)). All attorneys' fees and costs shall be obtained from the Maximum Settlement Amount.  Defendant will not oppose Class Counsel's request for attorneys' fees and costs up to the amounts set forth herein.  Any Court-approved payments made pursuant to this paragraph shall constitute full satisfaction of any claim for attorneys' fees or costs related to the Litigation and execution of the terms of this Stipulation.  The Class Representative and Class Counsel, on behalf of themselves and all Participating Claimants, agree that they shall neither seek nor be entitled to any additional attorneys' fees or costs under any theory.  The Class Representative and Class Counsel agree that they shall be responsible for justifying the amount of

the attorneys' fees and costs payment to the Court, and they agree to submit, as appropriate, the necessary materials to justify this payment along with the Motion for Approval of this Stipulation.

2.8.2. The Enhancement Award will, subject to Court approval, be paid by Defendant in an amount not to exceed $7,931.95 to the Class Representative for his service and assistance in the Litigation. The Enhancement Award shall be obtained from the Maximum Settlement Amount.

2.8.2.1. The Enhancement Award shall be paid in three equal installments. The first installment shall be paid simultaneously with the Class Representative's Settlement Payment. The second installment shall be paid 30 days thereafter. The third installment shall be paid 30 days after the second installment.

2.8.2.2. The Class Representative's receipt of the Enhancement Payment is expressly contingent upon his compliance with Section 2.11. If the Class Representative violates the terms of Section 2.11, the Class Representative expressly agrees that he will forfeit the right to any further installments of the Enhancement Award and he will, within 30 days of notice of any such breach, repay to Defendant any installments of the Enhancement Award already paid to him.

2.8.2.3. Because the Enhancement Award represents payment to the Class Representative for service to the Participating Class Claimants and consideration for the Released Claims, taxes will not be withheld from the Enhancement Award. Defendant will report the Enhancement Award on a Form 1099, and any other required tax forms, and will provide the required

forms to the Class Representative and to the pertinent taxing authorities as required by law. The Class Representative assumes full responsibility for paying all taxes, federal and state, if any, due as a result of the Enhancement Award and agrees to indemnify and hold harmless Defendant for any such taxes owed by him.

2.8.3. In the event the Court (or any appellate court) awards less than the amount requested for attorneys' fees and/or costs and/or less than the amount requested for the Enhancement Award, only the awarded amounts shall be paid and such amount shall constitute satisfaction of the obligations of this paragraph and full payment hereunder. Any remaining or unawarded portion of the requested attorneys' fees and costs shall be added to the Net Settlement Amount. Any remaining or unawarded portion of the requested Enhancement Award shall be deducted from the Maximum Settlement Amount.

2.8.4. As a condition of Defendant distributing any attorneys' fees and costs to Class Counsel, Class Counsel shall provide a completed W-9 for Anderson2X, PLLC and any other necessary tax documentation. Defendant shall have no obligation to distribute any attorneys' fees and costs to Class Counsel until these conditions are met. This Statement and any dispute regarding attorneys' fees and costs shall in no way delay the entry of Judgment or any other payments under this Stipulation, with the exception of the distribution of attorneys' fees and costs. To the extent that this Stipulation and/or any other associated documents, proposed orders, or exhibits purportedly conflict with this paragraph, this paragraph shall govern. If the Effective Date occurs and the above condition is met, Defendant or its designee shall wire or issue payment by check to Class Counsel the total attorneys' fees and costs awarded by the Court, within thirty (30) calendar days after entry of Judgment and the Approval Order, provided, however, that Class

Counsel must provide Defendant with the pertinent taxpayer identification number(s) in a Form W-9 on or before the Effective Date.

2.8.5.   Other than any reporting of the payment of attorneys' fees and costs and the Enhancement Award as required by this Stipulation or by law (which Defendant shall make), Class Counsel shall alone be responsible for the reporting and payment of any federal, state, and/or local income or other form of tax on any payment that they have received pursuant to this paragraph and all of its subparts.  Class Counsel agrees to indemnify and hold the Defendant Releasees harmless for any taxes due or owing by it related to attorneys' fees and costs paid by Defendant pursuant to this Stipulation and for any required reporting under federal, state, and/or local law.

2.9.   *Termination of Settlement.*

2.9.1.   In the event that the Approval Order or this Stipulation are not approved in their entirety by the Court, excluding modifications concerning the proposed amount of attorneys' fees or costs to be paid to Class Counsel or the amount of any Enhancement Award as noted below and modifications that the Parties otherwise determine in their reasonable and good faith judgment to not be material modifications, or in the event that the Settlement set forth in this Stipulation is terminated, cancelled, declared void, or fails to become effective in accordance with its terms or if the Effective Date does not occur, no payments shall be made by Defendant to anyone in accordance with the terms of this Stipulation, and the Settling Parties will each bear their own costs and fees with regard to the efforts to obtain Court approval.  In such event, this Stipulation (except for those provisions relating to non-admissibility and non-admission of liability) shall be deemed null and void, its terms and provisions shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this

Stipulation shall be treated as vacated, *nunc pro tunc*. Notwithstanding any other provision of this Stipulation, no order of the Court, or modification or reversal on appeal of any order of the Court, reducing the amount of any attorneys' fees or costs to be paid by Defendant to Class Counsel or reducing the amount of the Enhancement Award shall constitute grounds for cancellation or termination of this Stipulation or grounds for limiting any other provision of the Judgment.

       2.9.2.   Defendant shall have the absolute discretionary right to terminate this Settlement and the terms set forth in this Stipulation in the event that any of the following conditions in 2.9.2.1 through 2.9.2.3 occur:

       2.9.2.1.   In the event that this Stipulation is construed in such a fashion that would require Defendant to pay: (i) more than the Maximum Settlement Amount (excluding the employer's share of taxes); and/or (ii) any amount(s) not expressly provided for in Section VI of this Stipulation;

       2.9.2.2.   In the event that the Court does not certify, for settlement purposes only, a collective action or otherwise makes an order materially inconsistent with any of the terms of this Stipulation or the Settlement Documents prepared to effectuate the Settlement;

       2.9.2.3.   In the event that the Class Representative or Class Counsel are found to have occurred by a court of competent jurisdiction to have breached this Stipulation.

       2.9.3.   To the extent Defendant chooses to exercise the right to terminate this Stipulation, they must do so within fourteen (14) calendar days of Defendant being informed in writing of the occurrence of the operative condition warranting termination.

    2.10.   *Confidentiality of Stipulation Terms*

       2.10.1. Participating Claimants and Class Counsel covenant and agree that they will keep the nature and particulars of the Litigation and this Stipulation confidential and pledge not to

release any information concerning the Litigation or this Stipulation to any person, including but not limited to any Celanese employees, at any time, except: pursuant to a lawful subpoena, as set forth in Section 2.11.4 below; to secure advice from a legal or tax advisor; in a legal action to enforce the terms of this Agreement; or as otherwise required by law. This prohibition expressly includes direct or indirect disclosure to any third parties (including the media) or on any websites (including social media websites). Participating Claimants and Class Counsel agree not to enter this Stipulation into any administrative or judicial proceeding for any purpose other than secure judicial approval of the proposed settlement to the extent required by law and to enforce its terms. If asked about the Litigation, this Stipulation, or the contents contained herein, Participating Claimants, Class Counsel, and Defendant, agree not to reveal anything about the settlement, except to say that the Litigation has been resolved. These obligations will continue even if this Agreement is filed with the court in this case or other otherwise becomes public through some other means.

2.10.2. Each Participating Claimant shall refrain from making any disparaging oral or written statements concerning the Defendant. Each Participating Claimant shall also refrain from taking any action, directly or indirectly, which he/she knows or reasonably should know to be disparaging concerning Defendant Releasees. Each Participating Claimant's promises in this subparagraph include any statements made to the press, media, web sites, or any social media. Each Participating Claimant's promises in this subsection, however, shall not apply to any judicial or administrative proceeding in which such Participating Claimant is a party or has been subpoenaed to testify under oath by a government agency or by any third party.

2.10.3. Participating Claimants and Class Counsel expressly acknowledge that the obligations contained in this paragraph and its subparagraphs constitute material terms of this Stipulation. Each Participating Claimant agrees that he or she shall be required to return 25% of

any Settlement Payment he or she receives in the event a court of competent jurisdiction finds that he or she breaches this term. Class Counsel agrees that it shall be required to return 25% of any attorneys' fees and costs paid under this Stipulation if a court of competent jurisdiction finds that it breaches this term. Participating Claimants and Class Counsel further agree that the prevailing party in any action to enforce a breach of this provision shall be entitled to reimbursement of reasonable attorneys' fees incurred in enforcing or defending such action in addition to any other available relief.

2.10.4. Nothing in this Stipulation, including this paragraph and its subparagraphs, restricts or prohibits Participating Claimants or Class Counsel from initiating communications directly with, responding to any inquiries from, providing testimony before, providing confidential information to, reporting possible violations of law or regulation to, or from filing a claim or assisting with an investigation directly with a self-regulatory authority or a government agency or entity, including the U.S. Equal Employment Opportunity Commission, the Department of Labor, the National Labor Relations Board, the Department of Justice, the Securities and Exchange Commission, the Congress, and any agency Inspector General (collectively, the "Regulators"), or from making other disclosures that are protected under the whistleblower provisions of state or federal law or regulation. However, to the maximum extent permitted by law, Participating Claimants waive their right to receive any individual monetary relief from Defendant or any others covered by the Released Claims, regardless of whether Participating Claimants or another party has filed them, and in the event a Participating Claimant obtains such monetary relief Defendant will be entitled to an offset for the payments made pursuant to this Stipulation. This Stipulation does not limit Participating Claimants' right to receive an award from any Regulator that provides awards for providing information relating to a potential violation of law. Participating Claimants

and Class Counsel do not need the prior authorization of Defendant to engage in conduct protected by this paragraph, and Participating Claimants and Class Counsel do not need to notify Defendant that they have engaged in such conduct. It is further understood that this paragraph and its subparagraphs are not intended to restrict Participating Claimants' legal right to discuss the terms and conditions of their employment.

2.10.5. Defendant agrees that, upon request of any Participating Claimant, it will supply a neutral letter of reference. Requests for letters of reference should be directed to Joseph J. Fox at joseph.fox@celanese.com.

2.11. *Bona Fide Dispute and Non-Admission of Liability*

2.11.1. This Stipulation compromises claims which are contested in good faith, and it shall not be deemed an admission by any of the Settling Parties as to the merits of any claim or any potential defense. The Settling Parties agree that the amounts paid in connection with this Stipulation and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a Settlement that was reached voluntarily after consultation with competent legal counsel.

2.11.2. Defendant Releasees specifically and generally deny any and all liability or wrongdoing of any sort with regard to any of the claims asserted in the Litigation and make no concessions or admissions of liability of any sort. Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to, or in furtherance of, this Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim or of any wrongdoing or liability of the Defendant Releasees; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or

omission of the Defendant Releasees, or any of them, in any civil, criminal or administrative proceeding in any court, administrative agency, or other tribunal for any reason.

2.12. *Entire Agreement*

2.12.1. The only individuals entitled to any Settlement Payment under this Stipulation and the associated Judgment are Participating Claimants, and they shall be entitled to their individual Settlement Payments exclusively as reflected on the Anticipated Settlement Payment Schedule.

2.12.2. All of the exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

2.12.3. This Stipulation constitutes the entire agreement among the Settling Parties hereto regarding the subject matter discussed herein, and no representations, warranties, or inducements have been made to any party concerning this Stipulation or its exhibits and attachments other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise explicitly provided herein, each Settling Party shall bear its own fees and costs.

2.13. *Miscellaneous Provisions.*

2.13.1. The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation, including, but not limited to, obtaining the dismissal or stay of any pending or subsequently-filed class or collective action lawsuit that allege any of the Released Claims.

2.13.2. This Stipulation may be amended or modified only by a written instrument signed by authorized representatives of all Settling Parties or their respective successors-in-interest.

2.13.3. Class Counsel, on behalf of the Participating Claimants, represent that, after consultation with and approval of the Class Representative, they are expressly authorized by the Class Representative, to take all appropriate action required or permitted to be taken by the Class Representative pursuant to this Stipulation to effect its terms, and also are expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Participating Claimants which they deem appropriate. Similarly, Defendant's counsel represents that they are expressly authorized to take all appropriate action required or permitted to be taken by Defendant pursuant to this Stipulation to effect its terms, and also are expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of Defendant which they deem appropriate.

2.13.4. Each counsel or other person executing this Stipulation or any of its exhibits on behalf of any Party hereto hereby warrants that such person has the full authority to do so.

2.13.5. This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court.

2.13.6. Whenever this Stipulation requires or contemplates that one Party or the Court shall or may give notice to another, notice shall be provided by facsimile and/or next-day (excluding Sundays and Court holidays) express delivery service as follows:

(i) If to Defendant, then to:

Ronald E. Manthey
Michael A. Correll
Morgan, Lewis & Bockius, LLP
1717 Main Street, Suite 3200
Dallas, TX 75201
Tel: 214-466-4000
Fax: 214-466-4001
ron.manthey@morganlewis.com
michael.correll@morganlewis.com

(ii) If to Class Counsel or the Class Representative, then to:

Clif Alexander
Austin W. Anderson
Anderson2x, PLLC
819 N. Upper Broadway
Corpus Christi, Texas 78401
Tel: 361-452-1279
Fax: 361-452-1284
clif@a2xlaw.com
austin@a2xlaw.com

2.13.7.    This Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors, and assigns; but this Stipulation is not designed to and does not create any third party beneficiaries, either express or implied.

2.13.8.    The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.  Any action to enforce this Stipulation shall be commenced and maintained only in the Court.

2.13.9.    The Settling Parties agree and understand that there shall be no injunctive relief included as part of any Court Order as to them.

2.13.10.    This Stipulation and the exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to have been wholly performed, in the State of Texas, and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the substantive laws of the State of Texas without giving effect to that State's choice of law principles.

2.13.11.    The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either Party.  No Party shall be deemed the drafter of this Stipulation.  The Parties acknowledge that the terms of this Stipulation are contractual and are the product of arms-length negotiations between the parties and their counsel.  Each Party and their counsel cooperated in the drafting and preparation of this Stipulation.

2.13.12.    The Class Representative and Existing Opt-Ins are bound by the terms herein and further agree not to request to be excluded from the Settlement and not to object to any terms of this Stipulation.  Any such request for exclusion or objection shall therefore be void and of no force or effect.  Counsel for Defendant, Class Counsel, the Participating Claimants, and the Class Representative waive their rights to file an appeal, writ, or any challenge whatsoever to the terms of this Stipulation, except that Class Representative and Class Counsel have the right to appeal any order denying, in whole or in part, an application for the award of attorneys' fees and costs and the Enhancement Award.

2.13.13.    Neither Class Counsel nor any other attorneys acting for, or purporting to act for, the Class Representative or the Participating Claimants may recover or seek to recover any amounts for attorneys' fees, costs, or other disbursements from the Maximum Settlement Amount or otherwise from the Defendant Releasees except as expressly provided herein.

2.13.14.    This Stipulation may not be changed, altered, or modified, except in writing signed by the Parties hereto and approved by the Court.  This Stipulation may not be discharged except by performance in accordance with its terms or by a writing used by the Parties hereto.

2.13.15.    In computing any period of time prescribed or allowed by this Stipulation, unless otherwise stated, such computation or calculation shall be made consistent with Federal Rule of Civil Procedure 6(a) as it exists at the time at issue.

2.13.16.    The Parties agree that it is impossible or impractical to have each Participating Claimant sign this Stipulation.  It is agreed that this Stipulation may be executed on behalf of the Participating Claimants, by the Class Representative.

2.13.17.    Paragraph titles or captions contained in this Stipulation are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation, or any provision thereof.

2.14.    *Return of All Documents and Other Discovery.*

2.14.1.    No discovery materials or materials shared by the Parties for settlement purposes shall be disseminated or distributed to any person or entity by the Class Representative or Class Counsel.  All originals or reproductions of any discovery or settlement materials obtained from Defendant and/or given to any party, expert, consultant, or other person shall be retrieved by Class Counsel and destroyed, and Class Counsel shall certify within thirty (30) calendar days of receiving the payment set forth in Section 2.8.4 that they have destroyed all such documents or information and all copies thereof.

[SIGNATURES BEGIN ON NEXT PAGE]

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed.

Executed this <u>10</u> day of October, 2017 by:

*Edward Serment*
Edward Serment (Oct 10, 2017)

EDWARD SERMENT
Plaintiff and Class Representative on behalf
of the Existing Opt-Ins

Executed this <u>10</u> day of October, 2017 by:

CLIF ALEXANDER
for Class Counsel

Executed this <u>5ᵗʰ</u> day of October, 2017 by:

for CELANESE COMPANY
Print Name: Joseph T Fox
Title: VP HR+ Employmt Law